IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAMARIAN D. MILLENDER,        )
                              )
            Petitioner,       )
                              )
        v.                    )   Civil Action No. 1:16cv45-MHT
                              )              [WO]
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Kamarian D. Millender's ("Millender") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. *See* Civ. Docs. # 2, 8 & 21.[1] For the reasons that follow, the court concludes that Millender's § 2255 motion be denied without an evidentiary hearing and that this action be dismissed with prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I.  INTRODUCTION

Millender was arrested on February 25, 2014, after police found evidence of identity theft in his vehicle during a search prompted by an alert from a drug-detection dog. Crim. Doc. # 50 at 4–5. On July 8, 2014, Millender pleaded guilty under a plea agreement to one count of aggravated identity theft charged in a felony information. *See* 18 U.S.C. § 1028A;

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 1:16cv45-MHT, are designated as "Civ. Doc. #," while references to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 1:14cr401-MHT, are designated as "Crim. Doc. #." All page references are to those assigned by CM/ECF in the civil and criminal cases.

Civ. Docs. # 15-1 – 15-3.  In the written plea agreement, Millender admitted that he had acquired stolen identities through his work as a lab technician at a medical facility and that through the filing of false income tax returns fraudulently requesting tax refunds he had "victimized approximately 73 individuals and sought to defraud the IRS out of approximately $536,028," though only about $18,915 in refunds actually issued.  Crim. Doc. # 9 at 5–6.

Three months after pleading guilty, and a few days before his sentencing, Millender wrote to the district court seeking to withdraw his guilty plea based on the alleged ineffective assistance of his retained trial counsel, Dustin Fowler.  Crim. Doc. # 16.  The district court allowed Fowler to withdraw as counsel, appointed new counsel, and then held a hearing on the withdrawal-of-guilty-plea motion on November 13, 2014.  Crim. Docs. # 16–22; Civ. Doc. # 15-4.  Following the hearing, the district court entered an order rejecting Millender's claim of Fowler's ineffective assistance and denying Millender's motion to withdraw his guilty plea.  Crim. Doc. # 29; *see also* Crim. Docs. 30 & 31.

After a sentencing hearing on December 12, 2014, the district court sentenced Millender to the mandatory term of 24 months' imprisonment and to pay $18,915 in restitution.  Crim. Docs. # 34–36.

Millender appealed, arguing that his guilty plea was not knowing and voluntary and that the district court erred in rejecting his claim that he received ineffective assistance of counsel and in denying his motion to withdraw his guilty plea.  On December 2, 2015, the Eleventh Circuit issued an opinion finding that Millender failed to demonstrate that his guilty plea was not knowing and voluntary or that he was denied effective assistance of

2

counsel, and that the district court did not err in denying his withdrawal-of-guilty-plea motion. *United States v. Millender*, 635 F. App'x 611 (2015). Millender did not seek certiorari review in the United States Supreme Court.

On January 13, 2016, Millender filed a letter-motion with this court attacking the validity of his conviction and asserting claims of ineffective assistance of counsel against the lawyers who represented him in the trial court proceedings and on direct appeal. Civ. Doc. # 2. Regarding his lawyers, Millender alleged that Fowler, his original trial counsel, was ineffective for failing to (1) conduct an adequate investigation into potential defenses and (2) challenge the search of his vehicle as violating his Fourth Amendment rights. Civ. Doc. # 2 at 3–7. Millender also alleged that the lawyer appointed to represent him during proceedings on his withdrawal-of-guilty-plea motion, Laronda R. Martin, was ineffective for failing to (1) investigate the circumstances of the search of his vehicle and his arrest; (2) call the officers involved in the search of his vehicle and his arrest to testify at the plea-withdrawal hearing; and (3) thoroughly cross-examine his former counsel Fowler at the plea-withdrawal hearing. Civ. Doc. # 2 at 1–4. Finally, Millender alleged that the lawyer who represented him on direct appeal, J. Carlton Taylor, was ineffective for (1) failing to move to supplement the appellate record with exculpatory evidence contained in the transcript of his state court suppression motion; (2) submitting an appellate brief that

contained typographical errors; and (3) failing to provide him with a copy of his appellate brief before it was filed with the Eleventh Circuit.[2]  Civ.  Doc. # 2 at 1.

In an order entered on January 25, 2016 (Civ. Doc. # 3), this court informed Millender that the claims in his letter-motion were properly presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  And in accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Millender of its intention to treat his letter-motion as a § 2255 motion and directed him to advise the court whether he wished to proceed on his motion under § 2255, to amend his motion to assert additional claims under § 2255, or to withdraw his motion.  Civ. Doc. # 3 at 1–2.  The Clerk of Court was directed to provide Millender with the form used for filing § 2255 motions.  *Id.* at 2–3.

Millender indicated to the court that he wished to proceed under § 2255 (Civ. Doc. # 5), and on February 18, 2016, using the form for filing § 2255 motions, he filed an amended § 2255 motion asserting claims that (1) he was denied effective assistance of counsel in the proceedings in the district court and on appeal;[3] (2) his conviction was obtained by evidence gained under an unconstitutional search and seizure in violation of his Fourth Amendment rights;[4] (3) his guilty plea was unlawfully induced and was not

---

[2] Here and elsewhere in his pleadings, Millender does not always set out his claims in a clear and orderly fashion.  For organizational and analytical purposes, the court recasts some of his claims in a more appropriate presentation.

[3] Civ. Doc. # 8 at 5 ("Ground Two"); Civ. Doc. # 8-2 at 1–2; Civ. Doc. # 8-6 at 7–8.

[4] Civ. Doc. # 8 at 4 ("Ground One"); Civ. Doc. # 8-1 at 1–2; Civ. Doc. # 8-6 at 1–7.

given voluntarily with an understanding of the charges or consequences of his plea;[5] and (4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defense.[6]

On April 14, 2016, the government filed a response arguing that all of Millender's claims lack merit and that his allegations of ineffective assistance of counsel by his original trial counsel, Fowler, are not reviewable in this § 2255 proceeding because they were considered by the Eleventh Circuit in his direct appeal, where that court rejected Millender's arguments that his guilty plea was not knowing and voluntary and that Fowler had rendered ineffective assistance.  Civ. Doc. # 15.

Over eleven months later, on March 22, 2017, Millender amended his § 2255 motion to add a new claim that Fowler rendered ineffective assistance by failing to challenge the legality of his arrest on grounds that the law enforcement officers who arrested him were acting outside their territorial jurisdiction at the time of his arrest.  Civ. Doc. # 21.

The government filed a response arguing that Millender's new claim is time-barred by the one-year limitation period in 28 U.S.C. § 2255(f) and that, in any event, his arrest was lawful under state law and under the Fourth Amendment.  Civ. Doc. # 23.

## II.   DISCUSSION

### A.   General Standard of Review

---

[5] Civ. Doc. # 8 at 6 ("Ground Three"); Civ. Doc. # 8-6 at 12–14.

[6] Civ. Doc. # 8 at 8 ("Ground Four"); Civ. Doc. # 8-3 at 1–2; Civ. Doc. # 8-6 at 9–12.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.   Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would

6

not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner

alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, then, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. *Allegations Against Fowler*

In his § 2255 motion, Millender contends that his original trial counsel, Dustin Fowler, rendered ineffective ineffective assistance by failing to (1) conduct an adequate investigation into potential defenses and (2) challenge the search of his vehicle as violating his Fourth Amendment rights. Civ. Doc. # 2 at 3–7*;* Civ. Doc. # 8 at 5 ("Ground Two");

Civ. Doc. # 8-2 at 1–2; Civ. Doc. # 8-6 at 7–8.  The government argues that Millender's allegations of ineffective assistance by Fowler are not reviewable in this § 2255 proceeding because the same allegations were considered and rejected by the Eleventh Circuit in Millender's direct appeal.  Civ. Doc. # 15.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  If a claim has been raised on direct appeal and decided adversely to a petitioner, it cannot be relitigated in a collateral attack under § 2255.  *See Nyhuis*, 211 F.3d at 1343.  Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory."  *Id.*

On direct appeal, Millender argued that his guilty plea was not knowing and voluntary and that the district court erred in rejecting his claim that Fowler rendered ineffective ineffective assistance of counsel and in denying his motion to withdraw his guilty plea.  *See United States v. Millender*, 635 F. App'x 611 (2015).  Millender's main contention was that his guilty plea was not knowing and voluntary because Fowler "failed to fully and completely investigate the illegality of the search" of his vehicle under the Fourth Amendment.  *Id.* at 616.  According to Millender, had Fowler conducted a full investigation, Millender would not have pleaded guilty but instead would have elected to proceed with a motion to suppress on Fourth Amendment grounds, which, if successful, would have ended the case.  *Id.* at 616–17.

The Eleventh Circuit held that Millender did not show that Fowler performed deficiently, for purposes of *Strickland*, because (1) evidence showed that Fowler was aware of the facts and circumstances surrounding the search of Millender's vehicle and his arrest; (2) Millender failed to identify how Fowler was incorrect in his assessment of the search and arrest or the applicable law; (3) it was undisputed that if the defense filed a motion to suppress, it could have triggered severe consequences in the form of an indictment on additional charges by the government, which in turn would have increased Millender's possible sentence;[7] and (4) Millender told Fowler he did not want to risk pursuing suppression if it would increase his sentence.[8] *Id*.  The Eleventh Circuit further held that Millender did not show that, but for Fowler's alleged deficiencies, he would not have pleaded guilty, because (1) Millender failed to show that further investigation by Fowler would have uncovered facts that would have altered Millender's decision to plead guilty and (2) Millender did not show that he would have been likely to prevail on a suppression motion.  *Id*. at 617.  Finally, the Eleventh Circuit held that, in view of all the evidence, the

---

[7] The Eleventh Circuit cited as an example that the government may have been able to file mail or wire-fraud charges under 18 U.S.C. §§ 1341 and 1343.  *See* 635 F. App'x at 615 n.2.  "Had [the government] done so, and had Millender been convicted of even one such charge, he would have faced a sentence of up to 20 years' imprisonment, which would have been required to have been imposed consecutively to the mandatory two-year penalty for aggravated identity theft to which Millender was sentenced under the plea agreement."  *Id*.

[8] The Eleventh Circuit noted that it normally does not address claims of ineffective assistance of counsel on direct review unless the district court entertained the claim and the record is sufficiently developed.  *See* 635 F. App'x at 616 n.3.  However, the Eleventh Circuit found that Millender's ineffective assistance claim was properly before it because it was raised in his motion to withdraw his guilty plea, the district court heard testimony from Millender and Fowler on the issue of whether Fowler's failure to investigate the circumstances of Millender's arrest rendered his guilty plea unknowing and involuntary, and the parties on appeal cited to and based their arguments regarding this issue on ineffective-assistance case law.  *Id*.

district court did not err in concluding that Millender received close assistance of counsel and his guilty plea was knowing and voluntary.  *Id*.

Thus, the government is correct when arguing that the same allegations of Fowler's ineffective assistance set forth by Millender in his § 2255 motion were raised in Millender's direct appeal and decided adversely to him by the appellate court.  Therefore, these claims cannot be relitigated in Millender's § 2255 proceeding.  *See Nyhuis*, 211 F.3d at 1343.

Regarding the supposed viability of any Fourth Amendment challenge to the search of Millender's vehicle, this court found in relevant part as follows in its order denying Millender's motion to withdraw his guilty plea:

> Second and independently, Millender incorrectly assesses the viability of his suppression claim.  Millender argues that the search that led to his arrest was coercive and, thus, illegal.  After having heard much of the same evidence that Millender would have presented at a suppression hearing, the court finds that, had the suppression motion been brought before this court, the motion would likely not have been successful.
>
> Millender presented a narrative during the hearing describing the search, which occurred after his car ran out of gas late at night, while he was driving alone on an empty street, and in which he contends that his consent may have been obtained by duress or police coercion.  Yet the court finds that, even under this fact pattern, the evidence obtained from that search would likely not have been suppressed.  Though in most circumstances, police officers must obtain a warrant supported by probable cause to justify a search without consent under the Fourth Amendment, *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005), there are exceptions to this rule.  One of those exceptions, the "automobile exception," allows "officers [to] search any container in an operational car without a warrant as long as they have probable cause to believe that the container holds evidence of a crime."  *Id.; see also California v. Acevedo*, 500 U.S. 565, 579–80 (1991)).  "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Magluta*, 418 F.3d at 1182. (internal citations omitted).  In this case, police officers had received information from a confidential informant that a known drug dealer would

11

be waiting in a car of similar description in the area at that time, and a narcotics dog, which the officers had later brought to the scene, gave a positive alert to the car.

Moreover, even if Millender were able to have this evidence suppressed, he subsequently confessed to the crime and assisted the government, producing additional evidence that could carry the government's burden. And the record does not support the conclusion that confession and later assistance were suppressable as a result of the search.

Crim. Doc. # 29 at 9–12. These findings are consonant with the Eleventh Circuit's conclusion in Millender's direct appeal that Millender had not shown he would have been likely to prevail on a suppression motion. *See* 635 F. App'x at 617.

The record also shows that Millender was charged with trafficking in stolen identities by the State of Alabama for violations of state law arising from the same conduct that gave rise to his federal charges. After unsuccessfully attempting to withdraw his guilty plea in federal court, Millender moved in state court to suppress the evidence found during the search of his vehicle, arguing that the search violated his Fourth Amendment rights. *See* Civ. Doc. # 15-5. In March 2015, a lengthy hearing was held in the state trial court on Millender's suppression motion, after which the trial court denied the suppression motion, finding that no Fourth Amendment violation had occurred. *Id*. at 219. Millender then pleaded guilty in state court to trafficking in stolen identities, reserving his suppression issue for appeal. *Id*. & Civ. Doc. # 15-6. On February 2, 2017, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, finding no Fourth Amendment violation in the search of Millender's vehicle, based on an analysis similar to that of this court in its order finding Millender's suppression issue to lack viability and denying his motion to withdraw his guilty plea. Civ. Doc. # 23-1.

Thus, Millender's claims premised on Fowler's alleged ineffective assistance for failing to fully and completely investigate the illegality of the search of his vehicle under the Fourth Amendment were decided adversely to Millender in his direct appeal and cannot be relitigated here. It is also noteworthy that every court that has assessed his Fourth Amendment claim has found that the claim lacks merit. Millender is entitled to no relief on his claims that Fowler rendered ineffective assistance of counsel.

### 2. *Allegations Against Martin*

Millender contends that during proceedings on his motion to withdraw his guilty plea, his lawyer Laronda R. Martin rendered ineffective assistance of counsel by failing to (1) investigate the circumstances of the search of his vehicle and his arrest; (2) call the officers involved in the search of his vehicle and his arrest to testify at the plea-withdrawal hearing; and (3) thoroughly cross-examine his former counsel Fowler at the plea-withdrawal hearing. Civ. Doc. # 2 at 1–4 Civ. Doc. # 8 at 5 ("Ground Two"); Civ. Doc. # 8-2 at 1–2; Civ. Doc. # 8-6 at 7–8.

In an affidavit addressing Millender's allegations against her, Martin avers:

> Counsel was very familiar with the facts of Mr. Millender's case. Counsel spent hours with Mr. Millender, reviewing, in detail, the facts of the stop in Headland City, the probability of success on a motion to suppress, the government's evidence, the plea agreement, other privileged agreements, and the sentencing guidelines. After these discussions with Mr. Millender, counsel gleaned that the need for the assigned investigator to take pictures of the Headland City arrest scene or investigate their officers, no longer existed.

> Counsel did not [contrary to Millender's allegation] rely solely on the statements of the federal government's agent regarding Mr. Millender's arrest. On November 4, 2014, undersigned counsel contacted the assigned Assistant United States Attorney, Charles Edgars, to review the case evidence. Counsel contacted Dustin Fowler on November 12, 2014 to

discuss his legal representation of Mr. Millender.  On November 13, 2014, counsel also spoke with IRS Agent David McDaniel to a) ask follow up questions concerning the arrest, b) ascertain whether dash cams accompanied all police vehicles in Headland City, and c) determine whether or not there existed video or audio evidence in the case at bar.

On November 16, 2014, an investigation request was prepared and forwarded to the supervising investigator, Rena Ross and the assigned investigator, Jimmie Fisher.  Ms. Fisher completed her investigation and reviewed the results with counsel.  Counsel reviewed all notes from the above consultations with Mr. Millender.

Based upon Mr. Millender's version of events regarding the stop, his educational history, his understanding of the evidence and other case agreements, counsel's and the assigned investigator's review of the evidence, and finally, counsel's discussions with Dustin Fowler and AUSA Charles Edgar, undersigned recommended that Mr. Millender not request a withdrawal of his plea and move forward with sentencing.

Civ. Doc. # 13 at 2–3.

Millender's conclusory allegation that Martin failed to investigate the circumstances of the search of his vehicle and his arrest is gainsaid by Martin's affidavit.  Moreover, Millender fails to show that further investigation by Martin would have benefited his defense.  By arguing that Martin's investigation was inadequate and that Martin should have called the officers involved in the search of his vehicle and his arrest to testify at the plea-withdrawal hearing, Millender seems to suggest that he had a viable Fourth Amendment challenge to the search.  However, as noted above in the discussion of Millender's ineffective-assistance claims against Fowler, Millender has nowhere demonstrated the viability of a Fourth Amendment challenge to the search, and every court to have assessed the issue has found that no Fourth Amendment violation occurred.  To show prejudice based on defense counsel's alleged failure to investigate, a defendant must show what information would have been obtained from the investigation and also show it

would have produced a different outcome in the proceedings.  *See United States v. Price*, 357 F. Supp. 2d 63, 67–68 (D.D.C. 2004).

Relatedly, Millender fails to show that testimony at his plea-withdrawal hearing from the officers involved in the search of his vehicle and his arrest was reasonably likely to change the outcome of that proceeding.  Millender's suggestion that such testimony would have benefited him is based on pure speculation, and he offers nothing to establish how the officers might have testified to benefit him.  Indeed, based on the testimony of these officers at the hearing on Millender's state court suppression motion, *see* Civ. Doc. # 15-5, there is every reason to believe testimony by the officers at his federal plea-withdrawal hearing would have hurt his defense.  Complaints about uncalled witnesses are disfavored.  *Sanders v. United States*, 314 F. App'x 212, 213 (11th Cir. 2008).  "This is especially true because allegations of what a witness would have testified are largely speculative.  Speculation about what witnesses could have said is not enough to establish the prejudice prong of Strickland."  *Jones v. McNeil*, WL 1758740, at *6 (S.D. Fla. Jun. 22, 2009).

Likewise, Millender shows no prejudice from Martin's alleged failure to thoroughly cross-examine Fowler at the plea-withdrawal hearing, specifically about Fowler's conversations with the officers involved in the search of his vehicle and his arrest.  Martin cross-examined Fowler about his conversation with one of the officers about the circumstances of the search and arrest in an effort to determine if Fowler gained any information suggesting those circumstances were coercive.  Civ. Doc. # 15-4 at 112–13.  Millender presents nothing to indicate what additional cross-examination of Fowler about

15

this or other matters would have yielded, and his suggestion that additional cross-examination would have bolstered his Fourth Amendment claim or generally benefited his defense is based only on speculation.  Where a court can only speculate on whether the outcome of a proceedings would have been different had defense counsel conducted further cross-examination of a witness, there is an insufficient showing of prejudice under *Strickland*.  *See Poindexter v. Mitchell*, 454 F.3d 564, 572–73 (6th Cir. 2006).

Millender's conclusory allegations fail to show that Martin's representation was professionally unreasonable and that there is a reasonable probability that, but for Martin's allegedly unprofessional errors, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. at 689 & 694.  Millender is entitled to no relief on his claims that Martin rendered ineffective assistance of counsel.

### 3.   *Allegations Against Taylor*

Millender contends that his counsel on appeal, J. Carlton Taylor, rendered ineffective assistance of counsel by (1) failing to move to supplement the appellate record with exculpatory evidence in the transcript of his state court suppression motion; (2) submitting an appellate brief that contained typographical errors; and (3) failing to provide him with a copy of his appellate brief before it was filed with the Eleventh Circuit.  *See* Civ. Doc. # 2 at 1; Civ. Doc. # 8 at 5 ("Ground Two"); Civ. Doc. # 8-2 at 1–2; Civ. Doc. # 8-6 at 7–8.

In an affidavit addressing Millender's allegations against him, Taylor states he did not seek to supplement the appellate record in Millender's federal appeal with a transcript of the hearing on his state court suppression motion. He had reviewed that transcript and

16

determined its inclusion in the record with his federal appeal would have hurt Millender's chances in the federal proceeding because the testimony in the state court proceedings supported the federal district court's finding that Millender most likely would not have succeeded on a suppression motion in his federal case. Civ. Doc. # 12 at 2. This court's review of the state court transcript supports Taylor's professional judgment on whether its inclusion in the record of Millender's federal appeal would have benefited Millender; it would not have. Further, after Millender completed his federal appeal (and after Taylor filed his affidavit with this court), the Alabama Court of Criminal Appeals affirmed the state trial court's judgment denying Millender's suppression motion, finding there was no Fourth Amendment violation in the search of Millender's vehicle. Civ. Doc. # 23-1. Millender does not identify the exculpatory evidence supposedly contained in the state court transcript. Hence, Millender does not demonstrate deficient performance by Taylor or any prejudice resulting from Taylor's actions. *Strickland*, 466 U.S. at 689 & 694.

Millender's complaint about typographical errors in the appellate brief Taylor submitted to the Eleventh Circuit also entitles him to no relief, because he fails to demonstrate that he suffered any prejudice. Non-serious and immaterial typographical errors in an appellate filing are of no consequence where there is no clear showing of prejudice. *See Strickland v. Sec'y Dep't of Corr.*, 2008 WL 686162, at *3 (M.D. Fla. Mar. 10, 2008) ("[The petitioner] alleges that his counsel was ineffective because appellate counsel made technical and typographical errors in the appellate brief he filed. However, [the petitioner] has made no showing of how these formatting errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.

17

Furthermore, [the petitioner] has made no showing that the outcome of his appeal would have been different if the brief had not contained the technical errors.   Under the circumstances, [the petitioner] cannot establish deficiency or prejudice under *Strickland v. Washington*."); *Smith v. Hulihan*, 2011 WL 4058764, at *17 (S.D. N.Y. Sept. 13, 2011), report and recommendation adopted, 2012 WL 4928904 (S.D. N.Y. Oct. 17, 2012) ("Because Smith cannot show that he was prejudiced by counsel's typographical error [in a pretrial filing], his ineffective assistance claim . . . should be denied.")

Addressing Millender's claim that he failed to provide Millender with a copy of his appellate brief before it was filed with the Eleventh Circuit, Taylor states:

> After Mr. Millender had surrendered we stayed in contact through the Corrlink Inmate Email System and through conversations with his sister via phone, text and email.  I conducted a complete review of the record and worked with Mr. Millender to ensure all proper issues were raised in his initial appellant brief.  It is true that Mr. Millender was not provided a completed brief prior to its filing, but I was communicating with Mr. Millender via email and all of his input was considered and incorporated into the initial brief as requested, where the law allowed for the same.  After the submission of the initial brief, a copy was sent to Mr. Millender via U.S. Mail. . . .

> Once we received the Appellee brief from the Government, I began preparation of the Appellant's reply brief and upon Mr. Millender's insistence a copy of the reply brief was forwarded to him via email prior to filing the same.  Mr. Millender's input was incorporated into the final brief and it was filed with the 11th Circuit Court of Appeals.  At all times, Mr. Millender either directly, or through his family, was kept informed of the status of his brief and was provided copies of the same.  His input was, wherever possible, incorporated into the brief on the merits of the case and despite the assertions of Mr. Millender significant time and research went in to preparing his brief on appeal.

> . . . .

18

> Mr. Millender also correctly asserts I did not raise other issues on appeal because the single issue on appeal was the denial of his Motion to Withdraw his plea.  All other issues on appeal were waived pursuant to his plea agreement.

Civ. Doc. # 12 at 1–3.

Taylor's affidavit makes clear that he communicated with Millender about the essential matters to be included in his initial appellate brief and his reply brief.  On appeal, Taylor presented what he considered the strongest issue for review.  Millender fails to show how he was prejudiced by Taylor's failure to provide him with a copy of his initial appellate brief before it was filed, where Taylor communicated with him extensively about its contents before filing.  Nor does Millender identify any viable and reviewable claim that Taylor should have included in his initial appellate relief.  Millender does not demonstrate deficient performance by Taylor or any prejudice resulting from Taylor's actions. *Strickland*, 466 U.S. at 689 & 694.  Consequently, he is entitled to no relief on this claim of ineffective assistance of counsel.

## C.   Other § 2255 Claims

### 1.   *Fourth Amendment Claim*

In his amended § 2255 motion, Millender presents what appears to be a freestanding claim that his conviction was obtained by evidence gained under an unconstitutional search and seizure in violation of his Fourth Amendment rights.  *See* Civ. Doc. # 8 at 4 ("Ground One"); Civ. Doc. # 8-1 at 1–2; Civ. Doc. # 8-6 at 1–7.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052,

1055–56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

A petitioner can avoid this procedural bar only by showing both cause for failing to raise

the claim on direct appeal and actual prejudice arising from that failure. *See United States*

*v. Frady,* 456 U.S. 152, 167–68 (1982); *Mills*, 36 F.3d at 1055. Ineffective assistance of

counsel may satisfy the cause exception to a procedural bar, but only if the claim of

ineffective assistance is meritorious. *Greene*, 880 F.2d at 1305. This may turn on the

merits of the underlying freestanding claim.

Assuming Millender were to assert ineffective assistance of counsel as cause for his

failure to present a freestanding Fourth Amendment claim on direct appeal, he fails to show

that his Fourth Amendment claim is meritorious. As already explained, every court to

assess Millender's Fourth Amendment claim has found it lacking in merit. While the claim

was raised in the context of ineffective of trial counsel in the district court and on appeal

to the Eleventh Circuit, the district court, in its order denying Millender's withdrawal-of-

guilty-plea motion, discussed Millender's testimony and argument (presented at the plea-

withdrawal hearing) regarding the search, and concluded that a suppression motion by

Millender alleging a Fourth Amendment violation would have lacked viability. *See* Crim.

Doc. # 29 at 9–12. The district court's conclusion was seconded by the Eleventh Circuit

when Millender appealed, with the appellate court finding that Millender had not shown

he would have been likely to prevail had he pursued the suppression issue. *See* 635 F.

App'x at 617. Millender's Fourth Amendment claim—challenging the same search he

challenges in the instant motion—received a full hearing in state court, where, after a

lengthy suppression hearing with testimony from several witnesses, the state trial court

found that no Fourth Amendment violation occurred in the search of Millender's vehicle. Subsequently, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, applying an analysis like that applied by the federal district court when it reasoned that Millender's Fourth Amendment claim lacked viability.

In the instant proceeding, Millender presents nothing to undermine the conclusions reached by the courts that have looked at his Fourth Amendment claim. Rather, he is content to reassert arguments already made and rejected by the courts and to present his version of the facts, which the same courts could accept or reject. Suffice it to say, then, that Millender fails to prove the merits of his freestanding claim that his conviction was obtained by evidence gained under an unconstitutional search and seizure in violation of his Fourth Amendment rights. Because Millender fails to prove the merits of his freestanding claim, he fails to show that his ineffective-assistance claim is meritorious. Therefore, the alleged ineffective assistance of his counsel does not constitute cause excusing his procedural default arising from his failure to advance a freestanding Fourth Amendment claim on direct appeal. He is not entitled to § 2255 relief on this claim.

### 2. *Voluntariness of Guilty Plea*

In his amended § 2255 motion, Millender also claims that his guilty plea was unlawfully induced and was not given voluntarily with an understanding of the charges or consequences of his plea. *See* Civ. Doc. # 8 at 6 ("Ground Three"); Civ. Doc. # 8-6 at 12–14.

An examination of Millender's allegations in support of this claim reveals that the claim is nothing more than a reassertion of Millender's claim that his original trial counsel,

Fowler, was ineffective for failing to conduct an adequate investigation into potential defenses and challenge the search of his vehicle as violating his Fourth Amendment rights. These same allegations of Fowler's ineffective assistance were raised in Millender's direct appeal and were decided adversely to Millender by the Eleventh Circuit. Consequently, these claims cannot be relitigated in the instant proceeding. *See Nyhuis*, 211 F.3d at 1343.

### 3. *Government's Failure to Disclose Favorable Evidence*

In his amended § 2255 motion, Millender claims that his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defense. *See* Doc. # 8 at 8 ("Ground Four"); Civ. Doc. # 8-3 at 1–2; Civ. Doc. # 8-6 at 9–12.

Because Millender did not advance this claim on direct appeal, it is procedurally barred unless he demonstrates cause for the default and actual prejudice. *Frady,* 456 U.S. at 167–68; *Mills*, 36 F.3d at 1055–56. Millender appears to suggest that his counsel was ineffective for not arguing this claim. *See* Doc. # 8-6 at 11–12. The ineffective assistance of counsel may constitute cause only if the claim of ineffective assistance is meritorious. *Greene*, 880 F.2d at 1305. This turns on an assessment of the merits of the underlying claim.

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87. "A *Brady* violation has three components: '[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been

22

suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.'" *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 745–46 (11th Cir. 2010) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).  The prejudice or materiality requirement is satisfied if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985) (quotation marks omitted).

According to Millender, the government suppressed "evidence show[ing] a Fourth Amendment violation" by withholding videotape recordings made at the search scene[9] and withholding the incident reports of the officers involved in the search of his vehicle and his arrest.  Civ. Doc. # 8-6 at 9–11; Civ. Doc. # 8-3 at 1–2.  In addition, Millender says the government withheld evidence of the "invalid training of the K-9 officer,"[10] "two computer checks on Millender that were both clear and the prolonged detention for dog sniff," and the identity of the confidential informant.[11]  Civ. Doc. # 8-3 at 1.

Millender submits only unsupported allegations and speculative conclusions that the government suppressed such evidence or that such evidence even existed.  Equally speculative is the materiality of the allegedly suppressed evidence.  Millender claims that

---

[9] There is no evidence that a videotape recording was made at the search scene.  Testimony at Millender's state court suppression hearing indicated that the recording equipment in a police patrol unit at the scene had been nonoperational for a few months at the time of the search.  *See* Civ. Doc. # 15-5 at 97–98.

[10] There is no evidence that the K-9 officer involved in the search of Millender's vehicle had "invalid training."  *See* Civ. Doc. # 15-5 at 122–26.

[11] Testimony at Millender's state court suppression hearing indicated that the informant called police and reported that a suspicious vehicle was parked in front of a house.  *See* Civ. Doc. # 15-5 at 10 & 156–62.  The police knew independently that the house was the subject of an ongoing drug investigation.  *Id.* at 158.

this evidence shows that a Fourth Amendment violation occurred in his case.  However, other than making this conclusory assertion, he fails to show how any prejudice ensued from the suppression of evidence favorable to him.

Because Millender has not shown that the government failed to disclose favorable evidence to the defense, he establishes no *Brady* violation.  His counsel could not be ineffective for failing to raise such a claim.  Therefore, the alleged ineffective assistance of his counsel does not constitute cause excusing his procedural default arising from his failure to advance a freestanding *Brady* claim on appeal.  He is entitled to no relief on this claim.

## D.   March 22, 2017 Amendment

On March 22, 2017, Millender amended his § 2255 motion to add a new claim that his trial counsel Fowler rendered ineffective assistance by failing to challenge the legality of his arrest on grounds that his arrest took place in Houston County but was effected by Henry County Sheriff's Deputies acting outside their territorial jurisdiction and without authority under state law to arrest him.[12]   Civ. Doc. # 21.  The government argues that this

---

[12] Millender's assertion of this claim in his amendment appears to be the first time in either the federal or state court proceedings related to his offense that he has contended his arrest took place in Houston County. The court notes that Millender's state court conviction was entered in the Henry County Circuit Court.  *See* Civ. Docs. # 15-5, 15-6 & 23-1.  Further, at Millender's state court suppression hearing, a City of Headland Police Officer involved in the search of Millender's vehicle and his arrest testified that the site of the search was within the police jurisdiction of the City of Headland.  Civ. Doc. # 15-5 at 25.  The court takes judicial notice that Headland is located in Henry County.

new claim is time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).[13]
Civ. Doc. # 23 at 2–3. This court agrees.

As a general rule a § 2255 motion, and all claims for relief under § 2255, must be
filed within a year of the date on which the petitioner's judgment of conviction becomes
final. *See* 28 U.S.C. § 2255(f)(1).[14] Regarding this limitation period, the Supreme Court
has stated that "a judgment of conviction becomes final when the time expires for filing a
petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay
v. United States*, 537 U.S. 522, 525 (2003). The time for seeking certiorari review in the
Supreme Court expires 90 days after entry of judgment by the appellate court. *See* Rule
13, Rules of the Supreme Court of the United States. Millender's direct appeal was decided
by the Eleventh Circuit on December 2, 2015. Ninety days from that date is March 1, 2016.

---

[13] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation
period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right
has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2255(f).

[14] Millender sets forth no facts or argument to establish that he may use 28 U.S.C. § 2255(f)(2), (3), or (4)
as a triggering event for limitations purposes for the claim in his amendment. *See* 28 U.S.C. § 2255(f)(2)–
(4).

Therefore, any motion or claim by Millender seeking relief under § 2255 must have been filed by March 1, 2017.  Millender filed the amendment to his § 2255 motion on March 22, 2017—21 days after expiration of the limitation period in § 2255(f)(1).

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances.  Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).  This is so the government has sufficient notice of the facts and claims giving rise to the proposed amendment.  *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (quoting *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000)).  An untimely amendment to a § 2255 motion does not relate back to the date of the original motion where it "seek[s] to add a new claim or to insert a new theory into the case."  *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis omitted).  It is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original § 2255 motion.  *See United States v. Craycraft*, 167 F.3d 451, 456–57 (8th Cir. 1999) (holding that an untimely claim of

26

ineffective assistance of counsel for not filing an appeal did not relate back to timely ineffective assistance claims for not pursuing a downward departure, not raising an objection at trial, and not challenging a prior conviction).

Here, Millender's new claim of ineffective assistance of counsel by Fowler, based on the contention that his arrest was illegal under state law because the law enforcement officers who arrested him were allegedly acting outside their territorial jurisdiction at the time of his arrest, does not bear a legal or factual relationship to his earlier claims and seeks to insert a new theory of relief into the case. Therefore, the claim does not relate back under Rule 15(c) to claims in the original and timely § 2255 motion.[15] Because this new claim does not relate back, it is time-barred from review under § 2255's one-year limitation period. *See Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

## III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Millender be DENIED and this case DISMISSED with prejudice.

It is further

---

[15] An arresting officer's territorial jurisdiction under state law is irrelevant to a Fourth Amendment inquiry where the arrest was supported by probable cause. *See, e.g., United States v. Goings*, 573 F.3d 1141, 1143 (11th Cir. 2009); *United States v. Ryan*, 731 F.3d 66, 71 (1st Cir. 2013); *United States v. Rey*, 663 F. Supp. 2d 1086, 1110 (D. N.M. 2009). The search of Millender's vehicle was lawful under the Fourth Amendment and his arrest was supported by probable cause. For this reason, Millender is also unable to show that, even if the officers who effected his arrest were acting outside their territorial jurisdiction under Alabama law, he would have been successful in an attempt on this basis to suppress the evidence seized in the search of his vehicle.

ORDERED that the parties shall file any objections to this Recommendation or before March 23, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of March, 2018.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE